**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | |
|---|---|
| **CHRISTOPHER UMBERGER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 5:08-0883** |
| | ) |
| **CHRISTY UNDERWOOD,** | ) |
| **Correctional Officer, FCI Beckley** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending are the following Motions in this matter: (1) Motion to Dismiss Defendant Christy Underwood and Substitute the United States of America (Document No. 3.); (2) United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 5.); and (3) Plaintiff's Motion to Dismiss without Prejudice (Document No. 8.)[1] On July 3, 2008, the Court advised Plaintiff of his right to file a Response to the Motion to Dismiss Defendant Christy Underwood and Substitute the United States of America and the United States Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  (Document No. 7.) Plaintiff did not file responses to the Motions. Rather, Plaintiff filed his Motion to Dismiss Without Prejudice. (Document No. 8.) The United States has not responded to Plaintiff's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2008, Plaintiff filed a "Civil Action Suit" against Christy Underwood, a Correctional Officer at FCI Beckley, and other Correctional Officers identified as John and Jane

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Does in the Circuit Court of Raleigh County, West Virginia, alleging that "the defendants illegally seized personal property from the plaintiff and steadfastly refused to return said property even when directed to do so by a superior and regardless of State law." (Document No. 1, Exhibit A, Plaintiff's Civil Action Suit, ¶ 4.) Plaintiff further alleges that "the defendant, a female, in an act designed to humiliate the plaintiff, forced said plaintiff to undergo a strip search in the presence of another female, a yet unnamed Jane Doe defendant." (Id., ¶ 7.) On July 1, 2008, the United States removed Plaintiff's action to the District Court. The United States provides the Certification of the United States Attorney for this District that "[o]n the basis of the information now available with respect to the allegations referred to therein, Christy Underwood, was acting within the scope of her office or employment at the time of the incident out of which the instant action arose." (Document No. 1, Exhibit B.) The United States removed this matter to the District Court "pursuant to 28 U.S.C. § 2679, as this tort action must be brought against the United States pursuant to the terms and conditions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq. Thus, removal is appropriate pursuant to 28 U.S.C. § 2679(d)(2)." (Document No. 1, Notice of Removal, ¶ 3.)

By its Motion to Dismiss Christy Underwood and Substitute the United States of America (Document No. 3.), the United States asserts that "[a]ssuming that the plaintiff has a cognizable claim of negligence, this action must be brought against the United States pursuant to the terms and conditions of the Federal Tort Claims Act ("FTCA") . . . based on the United States Attorney's Certification, Christy Underwood was at the relevant times acting within the scope of her office or employment at the time of the incident out of which the claim arose." (Document No. 4 (Memorandum of Law in Support of United States Motion to Dismiss), p. 1.) By its Motion to

Dismiss for Lack of Subject Matter Jurisdiction (Document No. 5.), the United States alleges that prior to filing suit, Plaintiff "has not presented an administrative tort claim for the common law torts asserted in the Complaint, i.e., emotional distress and property conversion."

In his Motion to Dismiss Without Prejudice, Plaintiff states that "the action was stolen from a sovereign West Virginia state court with the sole purpose of denying the plaintiff his right under West Virginia state law, specifically laws against sexual harassment and theft." Plaintiff further states that "[b]ased upon the might of the US Government, the plaintiff is powerless to seek justice under federal law." (Document No. 8.)

## DISCUSSION

### A.    The United States as a Party.

Construing Plaintiff's claims as negligence/tort claims, they must be considered under the FTCA. The United States is appropriately the Defendant under the FTCA. Christy Underwood is not appropriately a Defendant. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may file claims of liability against the United States but may not assert claims of personal liability against prison officials for violations of their constitutional rights under the FTCA.[2] Carlson

---

[2] Inmates may on the other hand assert actions for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 - 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth Amendment claims). For example, an allegation such as Plaintiff makes, that an inmate was strip searched by or in front of correctional officers of the opposite sex for purposes of harassment and without any legitimate penological need or purpose would present a cognizable Eighth Amendment claim against the officers involved. *Skundor v.*

v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the State in which the action accrued. Pursuant to 28 U.S.C. § 1346(b)(1), the United States District Courts have exclusive jurisdiction over civil actions against the United States for claims of money damage brought under the FTCA. Accordingly, the United States' Motion to Dismiss Christy Underwood and Substitute the United States of America as the Defendant in this matter (Document No. 3.) must be granted.

### B.    Exhaustion of Administrative Remedies.

The Federal Tort Claims Act is a limited waiver of sovereign immunity. This waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a)[3]. *See also* Bellomy v. United States, 888 F. Supp. 760 (S.D.W.Va. 1995). Filing a timely administrative claim is jurisdictional and

---

*McBride*, 280 F.Supp.2d 524 (S.D.W.Va. 2003), *aff'd*, 98 Fed.Appx. 257 (4th Cir. 2004), *cert. denied*, 543 U.S. 1009, 125 S.Ct. 628, 160 L.Ed.2d 474 (2004). Exhaustion of administrative remedies is likewise required before an inmate can proceed in the District Court upon a *Bivens* claim.

[3]28 U.S.C. § 2675(a) provides that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

4

cannot be waived. <u>Ahmed v. United States</u>, 30 F.3d 514, 516 (4th Cir. 1994) (*citing* <u>Henderson v. United States</u>, 785 F.2d 121, 123 (4th Cir. 1986), <u>Muth v. United States</u>, 1 F.3d 246 (4th Cir. 1993). Thus, before an inmate can bring a claim under the Federal Tort Claims Act, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11[4] and 543.30 to 543.32. The administrative process which inmates must exhaust when they have complaints under the Federal Tort Claims Act is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. <u>Id.</u>, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, <u>Id.</u>, §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. <u>Id.</u>, § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

Plaintiff filed his Civil Action Suit without first filing an administrative tort claim respecting the issues which he raises herein. Clearly, Plaintiff did not exhaust administrative procedures prior to filing this action. He filed his Civil Action Suit prematurely, and the District Court is therefore

---

[4] 28 C.F.R. § 14.2(a) provides that

a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . for personal injury . . . alleged to have occurred by reason of the incident[.]

5

without jurisdiction to consider it. The United States' Motion to Dismiss (Document No. 5.) must be granted.[5]

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss Christy Underwood and Substitute the United States of America (Document No. 3.) and the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 5.); and **DENY** Plaintiff's Motion to Dismiss Without Prejudice (Document No. 8.) as moot, **DISMISS** this action without prejudice and remove it from the Court's docket.

The parties are notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[5] The District Court's granting of the Motion to Dismiss Christy Underwood and Substitute the United States of America (Document No. 3.) and the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 5.) will result in the dismissal of this action without prejudice. Plaintiff's Motion to Dismiss Without Prejudice (Document No. 8.) should therefore be denied as moot.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge  Johnston and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is acting *pro se* in these proceedings, and counsel of record.

Date: January 7, 2009.

R. Clarke VanDervort
United States Magistrate Judge